IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LESLIE FLOURNEY, et al.,

    Plaintiffs,

v.

ORGANON USA, INC., et al.,

    Defendants.

Case No. 14-cv-00037-SC

ORDER GRANTING MOTION TO STAY

Plaintiffs bring this product liability action in connection with NuvaRing, a contraceptive device allegedly manufactured and marketed by Defendants. Plaintiffs initially filed this action in state court, but Defendants removed on diversity grounds, claiming that Defendant McKesson Corporation, a California citizen, was fraudulently joined. Defendants now move to stay this action pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") as to whether the case should be transferred to a multidistrict litigation ("MDL") proceeding established in the Eastern District of Missouri, captioned In Re NuvaRing Products Liability Litigation, MDL 1964. ECF No. 16 ("MTS").[1] Also pending

---
[1] The motion is fully briefed. ECF Nos. 17 ("Opp'n"), 25 ("Reply").

before the Court is Plaintiffs' motion to remand. ECF No. 21. Plaintiffs argue that the Court should consider their motion to remand prior to adjudicating Defendants' motion to stay.

Out of deference to the MDL process and the uniformity and predictability it promotes, the Court declines to decide Plaintiffs' motion to remand at this time. The NuvaRing MDL is also capable of adjudicating Plaintiffs' motion to remand. Further, as the issues presented in Plaintiffs' motion have been raised in a number of similar cases that may be transferred, the NuvaRing MDL is in the best position to ensure the consistent resolution of those issues. Faced with competing motions to stay and remand, a number of judges in this District have already stayed similar actions pending transfer to the NuvaRing MDL. See, e.g., ECF No. 16-2 ("Boranian Decl.") Exs. A (Aug. 14, 2013 Order by Judge Alsup in Asche v. Organon, Case No. C 13-4986), B (Dec. 3, 2013 Order by Judge Wilken in Buyak v. Organon, Case No. C 13-03128-WHA); Burton v. Organon, Case No. 13-1535, 2013 WL 1963954 (N.D. Cal. May 10, 2013) (Judge Hamilton).

The Court finds that staying this case is warranted because (1) potential prejudice to Plaintiffs is minimal, given how soon the JPML's decision is likely to issue; (2) not staying the matter could expose Defendants to needless litigation and inconsistent rulings in their pending cases; and (3) not staying the case would waste judicial resources, since these cases may be consolidated in the NuvaRing MDL. See Couture v. Hoffman-La Roche, Inc., No. 12-cv-2657 PJH, 2012 WL 3042994 (N.D. Cal. July 25, 2012) (listing factors to be considered in issuing a stay); see also Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (the court's power to stay cases

is inherent in its ability to control disposition of cases on its docket).

Accordingly, the Court STAYS this matter pending the JPML's decision on whether the case should be transferred.  The parties are ORDERED to file a joint notice with the Court within seven (7) days of the JPML's decision.

IT IS SO ORDERED.

February 21, 2014



UNITED STATES DISTRICT JUDGE